UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
FINECOM SHIPPING LTD,                                 :
                                                      :
                              Plaintiff,              :
                                                      :         05 Civ. 6695 (GEL)
               -against-                              :
                                                      :         **OPINION AND ORDER**
MULTI TRADE ENTERPRISES AG,                           :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Plaintiff brought this action to obtain a Maritime Attachment under Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure. On July 26, 2005, this Court granted plaintiff's ex parte application for an attachment in the amount of plaintiff's claims, over $1,000,000. The parties agree that approximately $30,000 of defendant's assets have been restrained to date pursuant to the attachment. Defendant has answered and asserted a counterclaim in the amount of approximately $900,000, and now moves for countersecurity under Supplemental Rule E(7). Defendant's motion is granted in part.

      Rule E(7)(a) provides that:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise.

Although the rule contains mandatory language ("*must* give security"), "the final clause of the quoted language makes clear that the trial court possesses broad discretion in deciding whether to

order countersecurity." Result Shipping Co. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 399 (2d Cir. 1995). While courts have identified a number of factors to be considered in exercising this discretion, the core purpose of the countersecurity rule is to place the parties on an even footing; if one party is deprived of the use of its property during the litigation but the adverse party is not, despite the pendency of reciprocal claims, the party with the security may have unfair leverage in the action. Wash.–S. Nav. Co. v. Balt. & Phila. Steamboat Co., 263 U.S. 629, 638-39 (1924) (discussing predecessor of Rule E(7) in the 1920 admiralty rules).

Plaintiff here relies principally on two arguments in resisting the requirement of countersecurity. First, it argues that "the court should be reluctant to order countersecurity if the plaintiff does not, by the posting of countersecurity, seek to release its property from the counterplaintiff's custody." Afram Lines Int'l, Inc. v. M/V Capetan Yiannis, 905 F.2d 347, 349 (11th Cir. 1990). But the Second Circuit has expressly rejected this position: "We do not agree with the Eleventh Circuit in Afram Lines if it meant to suggest that countersecurity is inappropriate unless the plaintiff is seeking to have released property the defendant has previously attached." Result Shipping, 56 F.3d at 400 n.3 (citation omitted).

Second, plaintiff argues that the counterclaim is frivolous, because the charter party on its face provides that stowage was the responsibility of defendant and not plaintiff. The premise that countersecurity will not be required on the basis of frivolous counterclaims is a sound one. Starboard Venture Shipping, Inc. v. Casinomar Transp., Inc., No. 93 Civ. 644, 1993 WL 464686, at *6 (S.D.N.Y. Nov. 9, 1993). It would hardly put the parties on an even footing to permit one side to obtain security on the basis of totally frivolous claims, simply because its adversary had obtained security on the basis of a non-frivolous claim. However, a court's ability to understand

the merits of a dispute at an early stage is limited, and courts should be reluctant to prejudge the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of any discovery. This is particularly so when the ultimate merits will be decided not by this Court, but by an arbitration panel in another country.

On the current record it cannot be said that defendant's counterclaim is frivolous. Plaintiff, it is true, proffers a purported copy of the charter party that appears to preclude the premise of the counterclaim; however, defendant proffers a document that it contends embodies the true agreement, which contains a rider, not present in plaintiff's version, that purports to override the clauses on which plaintiff relies. Neither party's proffered version of the agreement is signed by anyone. On that record, the Court cannot determine which party's document is accurate, and it would be well beyond the limited function of the Court on this motion to try to determine the legal effect of the rider advanced by defendant, even assuming it is established to be part of the true agreement between the parties. Accordingly, there appear to be factual disputes, to be resolved by the arbitrators, about the true nature of the parties' agreement, and it cannot be said that the counterclaim is frivolous.

There appears to be fair ground for litigation on both the plaintiff's claim and the defendant's counterclaim. Therefore, plaintiff has not shown good cause to refuse an order of countersecurity, and the goal of putting the parties on an even footing is best served by ordering countersecurity. Defendant argues that the Court should award security in the full amount of its counterclaim, noting that there is authority that in exercising its discretion, the Court need not be governed by the amount of the bond given by the original defendant nor even by the size of the counterclaim, but should set the bond in an amount that is "just and reasonable under all the

circumstances." Spriggs v. Hoffstot, 240 F.2d 76, 80 (4th Cir. 1957). Assuming this is so, given that the Court has no way to determine whether either party's claim is stronger than the other's, the goal of placing the parties in a position of equality seems best served by ordering plaintiff to provide security in the same amount, $30,000, as the plaintiff has succeeded in attaching defendant's assets, and to provide additional security matching any additional property plaintiff is able to restrain in the future, up to a maximum of $917,854.20, the amount of defendant's counterclaim. If plaintiff fails to provide such security within ten business days of the date of this Order, the attachment previously ordered at the plaintiff's behest will be vacated.

SO ORDERED.

Dated: New York, New York
October 24, 2005

_____
GERARD E. LYNCH
United States District Judge